IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA MAGDALENA GARCIA GARCIA, § | | |
| MANUEL NAVAR GARCIA, and § | | |
| IBETH MAGDALENA NAVAR GARCIA § | | |
|     Plaintiffs § | | |
| § | | |
| V. § | Case No. 7:17-cv-405 | |
| § | | |
| JEFFERSON SESSIONS, § | | |
| U.S. Attorney General, and § | | |
| MICHAEL POMPEO, § | | |
| U.S. Secretary of State, § | | |
|     Defendants. § | | |

## Plaintiffs' Response to Defendants' Motion to Dismiss

To the Honorable United States District Judge:

Plaintiffs file this Response to Defendants' Motion to Dismiss and in support show the following:

### Summary

Plaintiffs assert that this court has jurisdiction over Maria Magdalena Garcia Garcia's and Manuel Navar Garcia's *habeas corpus* claims under 8 U.S.C. § 2241 and declaratory relief claims 8 U.S.C. § 1503 and both claims are proper in this matter. Plaintiff Ibeth Magdalena Navar Garcia will concurrently file a motion to dismiss her declaratory relief claim under 8 U.S.C. § 1503(a)(2).

### Procedural History

Plaintiff, Maria Magdalena Garcia, filed his Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief on April 18, 2018. Plaintiff was born in Santa Maria, Cameron County, Texas on May 5, 1938. She had previously obtained a United States

1

passport based on her birth in Texas. Her passport was revoked by the United States Department of State on or about June 9, 2016.

Plaintiff, Manuel Navar Garcia was born in Matamoros, Tamaulipas, Mexico on April 20, 1970. He obtained a United States passport on July 21, 2015 based on acquired citizenship via his mother. His passport was revoked by the United States Department of State on or about February 7, 2018.

Plaintiff, Ibeth Magdalena Navar Garcia was born in Matamoros, Tamaulipas, Mexico on February 15, 1976. She obtained a United States passport on August 17, 2015 based on acquired citizenship via her mother. Her passport was revoked on or about March 13, 2018.

## Standard of Review

For purposes of Rule 12 (b)(1) and (b)(6) motions to dismiss it is presumed that the facts alleged in the complaint are true. *See Villareal v Horn*, 203 F.Supp. 3d 765, 770 (S.D. Tex. 2016), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *Den Norske Stats Oljeslskap As .v HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). Therefore, for purposes of these pleadings the Plaintiff, Maria Magdalena Garcia is to be considered as born in Santa Maria, Texas.

## This Court has Jurisdiction over Plaintiffs' Habeas Corpus Claim.

The Defendants err in asserting that the Court lacks subject matter jurisdiction over Plaintiffs' habeas corpus claims. Plaintiff asserts that their ability to freely travel in and around the United States places them "in custody" for purposes of 28 U.S.C. § 2241. The Supreme Court has held "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody." *Jones v. Cunningham*, 371 U.S. 236, 239 (1963). A petitioner is deemed in custody if he is subject to a restraint on his liberty that is "not shared by the public generally." *Id.* At 240.

Plaintiffs' inability to "freely travel" is in this matter a restraint on their liberty not shared by the public generally. Plaintiffs concede that the federal government may regulate international travel within the bounds of due process. *Haig v. Agee*, 453 U.S. 280, 306-307 (1981). The right to interstate travel however; is a fundamental constitutional right. *Id.* The denial of the passport in these proceedings restricts the Plaintiffs' rights to interstate travel and the right to return to the United States. *See Worthy v. U.S.*, 328 F.2d 386, 394 (5th Cir. 1964).

While the Government cites cases involving the restrictions and regulations of international travel, they do not adequately represent the restrictions applied to the Plaintiffs. *See Villegas v. Clinton,* No. H-10-0029 (S.D. 2010). While many Americans do not possess passports and are prohibited from international travel it is because they may not have affirmatively sought a United States passport. Plaintiff has sought and have had their passports revoked. The passport denial is not for reasons of foreign policy but based on allegations that Plaintiff Maria Magdalena Garcia's Texas birth certificate is not sufficient to establish United States citizenship.

A revocation for determination that Plaintiffs cannot establish United States citizenship is a declaration that the Department of State does not believe them to be United States citizens. This declaration would prevent them from entry to the United States if he leaves or is removed by the government. This declaration could negatively affect Plaintiff, Maria Magdalena Garcia, the ability to obtain a valid state driver license or state Identification card despite having a valid state issued birth certificate. The revoke passport would also deny Plaintiffs, Manuel and Ibeth, the ability to obtain said documents as it is the only proof of citizenship they possess. This impacts their fundament right to interstate travel.

Plaintiff's writ of habeas is proper as the restrictions imposed by the denial of his passport place him "in custody" and they have exhausted all administrative remedies.

**Relief Requested**

Plaintiffs hereby withdraw their claims under the Administrative Procedure Act but contends that this matter should not be dismissed pursuant to Rule 12 (b)(1) as the Court has subject matter jurisdiction over the Plaintiffs' Writ of Habeas under 28 U.S.C. § 2241 and declaratory relief claim under 8 U.S.C. § 1503(a). Fed. R. Civ. P. 12(b)(5); 8 U.S.C. § 1503(a); 28 U.S.C. § 2241. The Plaintiffs contend that the Court should not dismiss the complaint pursuant to Rule 12(b)(6) as a claim has been made under both § 1503(a) and a Writ of Habeas under 28 U.S.C. § 2241 and the Secretary of State, the Attorney General, and the United States are appropriate parties. Fed. R. Civ. P. 12(b)(6); 8 U.S.C. § 1503; 28 U.S.C. § 2241.

    Respectfully submitted by
    Law Offices of San Juanita R. Campos

    /s San Juanita R. Campos
    San Juanita R. Campos
    Attorney for Petitioner
    SBN: 03733090
    FBN: 10044
    Email: sanjuanita@sjrcamposlaw.com

**CERTIFICATE OF SERVICE**

  I, San Juanita R. Campos, certify that on August 15, 2018 I delivered a true and correct copy of the foregoing to the parties below via electronic service via the CM/ECF filing system.

                   /s/ **SAN JUANITA R. CAMPOS**

*Via Electronic Notification*
Assistant United States Attorney
Christopher Pineda
Attorney-in-Charge
United States Attorney's Office
Southern District of Texas
Texas Bar No. 24070420
S.D. Tex. ID No. 1055715
Telephone: (956) 548-2554
Email: christopher.pineda@usdoj.gov